**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0920-24

BRIAN MYERS,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

Argued December 17, 2025 – Decided April 7, 2026

Before Judges Mayer and Jacobs.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. xx4268.

Samuel M. Gaylord argued the cause for appellant (Szaferman Lakind Blumstein & Blader, PC, attorneys; Samuel M. Gaylord, on the brief).

Payal Y. Ved, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant

Attorney General, of counsel; Payal Y. Ved, on the brief).

PER CURIAM

Brian Myers appeals from a final agency decision of the Board of Trustees of the Public Employees' Retirement System (Board) denying his application for ordinary disability retirement benefits. We affirm.

I.

Myers worked as a cottage training technician (CTT) at New Lisbon Developmental Center for eleven years. His duties entailed hands-on care of residents, including frequent lifting, transferring, and assisting disabled clients. Beginning in 2013 or 2014, Myers experienced chronic neck and back pain, radiating into his arms and accompanied by a "[c]onstant tingling" sensation. He also suffered migraines and was prescribed medications, including morphine and medical marijuana.

In April 2021, Myers left employment, citing chronic pain and associated neurological deficits, including those arising from a cervical radiculopathy, inability to perform lifting and twisting duties, and migraine headaches. He filed for ordinary disability retirement in June 2021.

The Board denied Myers's application, finding he was not totally and permanently disabled from performing his job duties. Myers appealed, and the

A-0920-24

matter was referred to the Office of Administrative Law (OAL). The Administrative Law Judge (ALJ) conducted hearings in March and May 2024, hearing testimony from Myers, his expert, Dr. Nirav Shah, and the Board's expert, Dr. Steven Lomazow. On September 20, 2024, following review of the evidence, the ALJ affirmed the Board's denial. In his ruling, the ALJ detailed the medical testimony of both medical witnesses, finding Dr. Lomazow's testimony more credible than Dr. Shah's. The ALJ concluded petitioner did not satisfy his burden of proving he was "permanently and totally disabled from the performance of his duties."

On appeal, Myers argues he provided sufficient expert testimony and medical evidence demonstrating he was permanently and totally disabled from performing the essential functions of a CTT. He asserts the Board unreasonably discounted his proofs, disregarded his chronic pain, neurological deficits, prescribed medications, and the impact of his symptoms on daily job requirements. Myers contends his expert, Dr. Shah, credibly documented his inability to safely perform essential job functions.

The Board responds that Myers failed to offer objective medical findings establishing total and permanent disability. The Board emphasizes the ALJ found Dr. Lomazow's opinion more persuasive. In his testimony, Dr. Lomazow

A-0920-24

acknowledged radiculopathy can be debilitating; that a CTT was a physical-type job, requiring ability to focus and concentrate; that Myers was under physician care and prescribed a cocktail of medications, including morphine, medical marijuana and a muscle relaxer—all of which would impact a person's ability to focus and concentrate. However, Dr. Lomazow determined Myers's complaints were largely subjective, noting there are no diagnostic tests for a headache.

Further, the Board notes the credibility of Myers's representations were questioned by the ALJ, who found some symptom magnification and lack of contemporaneous documentation for his claimed workplace incidents. The ALJ further explained Dr. Shah did not perform certain objective neurological tests and omitted review of some records, undermining the completeness of his opinion.

The ALJ also found Myers provided no accident report or treatment records related to the alleged workplace incident in 2020 purportedly triggering his symptoms, and no evidence the incident was reported to his employer. The ALJ further noted reports from February 2022 by Myers's treating physician, Dr. Matthew J. Lesneski, stated he had experienced a few difficult days after helping his brother move, described his back pain as "tolerable," reported daily

A-0920-24

stretching, and indicated his medications relieved symptoms sufficiently for daily functioning.

## II.

Our review of administrative agency action is constrained. We sustain agency decisions "unless there is a clear showing that it is arbitrary, capricious, unreasonable, or lacks fair support in the record." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). The weight accorded to expert testimony is within the competence of the fact-finder. Oceanside Charter Sch. v. N.J. State Dep't of Educ. Office of Compliance Investigation, 418 N.J. Super. 1, 9 (App. Div. 2011). We defer to the ALJ's credibility determinations, particularly where the court has the opportunity to see and hear witness testimony. Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 587 (1988).

To qualify for ordinary disability retirement benefits under N.J.S.A. 43:15A-42, a petitioner must prove by expert evidence she or he is "physically or mentally incapacitated for the performance of duty and should be retired." The applicant bears the burden to show total and permanent disability, not partial or temporary incapacity, and must demonstrate inability to perform duties in the

5

general area of his ordinary employment. Patterson v. Bd. of Trs., State Police Ret. Sys., 194 N.J. 29, 43 (2008).

Having reviewed the record, we are satisfied there is sufficient credible evidence supporting the Board's determination. In a fifteen-page comprehensive and well-reasoned statement of reasons, the ALJ detailed the testimony of both doctors, reasonably finding the testimony by the Board's expert, Dr. Lomazow, to be more persuasive and credible than petitioner's expert, Dr. Shah. The ALJ reasonably relied on Dr. Lomazow's objective findings, Myers's own activities, and absence of corroborating medical documentation to conclude Myers was not totally and permanently disabled. The ALJ fully considered the evidence and properly discounted opinions based mainly on Myers's subjective complaints.

We discern no error in the ALJ's conclusion that Myers was not incapable of performing his job duties and, therefore, was not permanently and totally disabled to qualify for ordinary disability retirement benefits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

6